# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY MURPHY, : | |
| Plaintiff : | CIVIL ACTION NO. 1:09-2261 |
| : | (CONNER, D.J.) |
| v. : | (MANNION, M.J.) |
| : | |
| MIFFLIN COUNTY REGIONAL : | |
| POLICE DEPT., CPL. ROBERT L. | |
| HAINES, JR., LT. STEVE : | |
| KNUDSON, PTLM. ETTINGER, and | |
| CHIEF WILLIAM HERKERT, JR., : | |
| Defendants : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are the defendants' motion to dismiss the plaintiff's amended complaint, (Doc. No. 23), and the defendants' first motion for protective order to stay litigation deadlines, (Doc. No. 39)[2]. Based upon the court's review of the motions and related materials, it is recommended that the defendants' motion to dismiss the plaintiff's amended complaint be denied in part and granted in part as set forth below and the defendants' motion for protective order be dismissed as moot.

By way of relevant background, on November 17, 2009, the plaintiff, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania,

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]The plaintiff also has pending before the court a motion for summary judgment, (Doc. No. 46), which is not yet ripe for disposition.

filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). In addition, the plaintiff filed an authorization form allowing for the deduction of the applicable filing fee from his inmate account. (Doc. No. 3). On November 25, 2009, the plaintiff filed the appropriate application to proceed *in forma pauperis*. (Doc. No. 7). As a result, on December 1, 2009, a financial administrative order was issued. (Doc. No. 8).

At the direction of the court, (Doc. No. 10), on March 4, 2010, the plaintiff filed an amended complaint, (Doc. No. 11). On June 25, 2010, the defendants filed the pending motion to dismiss the plaintiff's amended complaint, (Doc. No. 23), along with a brief in support thereof, (Doc. No. 24). On July 8, 2010, the plaintiff filed a brief in opposition to the defendants' motion. (Doc. No. 27). A reply brief was filed by the defendants on July 19, 2010. (Doc. No. 32).

On December 2, 2010, the defendants filed a motion for protective order to stay all litigation deadlines, (Doc. No. 39), along with a brief in support thereof, (Doc. No. 40).

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the

2

complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not

physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The allegations set forth in the plaintiff's amended complaint which follow are accepted as true for purposes of the instant motion to dismiss. On January 10, 2008, the plaintiff was approached and questioned by defendant Haines. A short time later, defendant Ettinger arrived on the scene. The two officers briefly questioned the plaintiff about his travel destination before requesting personal identification, which was provided. Defendants Haines and Ettinger then asked to search the plaintiff's person for drugs. Despite the plaintiff's refusal, he alleges that defendants Ettinger and Haines began to search him, but found no drugs.

When the plaintiff indicated that he was going to report defendant Haines for the incident, he alleges that defendant Haines called him a "nigger" and threatened to assault him. Several unknown officers then arrived.

Defendant Haines proceeded to question the plaintiff about the contents of his backpack and asked if he could search the backpack for drugs, to which the plaintiff responded that he could not. Defendants Haines and Ettinger handcuffed the plaintiff and placed him in the back of a patrol car. The plaintiff and his belongings were taken to two separate locations.

4

According to the plaintiff, he was taken to the Mifflin County Regional Intake Facility where he was strip searched, fingerprinted, photographed and questioned by several unknown officers. After approximately thirty to forty minutes of being in a holding cell, the plaintiff alleges that he was released without his property. After being released, the plaintiff alleges that he was given a ride to another police station where his backpack was being held. The plaintiff made repeated requests for the backpack, but officers refused indicating that they were waiting for a search warrant. As a result, the plaintiff alleges that he was forced to consent to a search of his property.

According to the plaintiff's amended complaint, defendants Herkert and Knudson were the supervisors of defendants Haines and Ettinger and were legally responsible for their misconduct.

On July 14, 2009, the plaintiff states that defendant Haines provided testimony with respect to the above incident in an unrelated criminal trial involving the plaintiff.

On October 19, 2009, the plaintiff claims that he filed a complaint with the Mifflin County Regional Police Department regarding the incident, but did not receive a response until after filing the instant civil rights action.

In bringing the instant action, the plaintiff raises numerous Fourth and Fourteenth Amendment claims: that defendants Haines, Ettinger, and the Mifflin County Regional Police Department violated his Fourth and Fourteenth Amendment rights by subjecting him to an unreasonable search and seizure;

5

that defendant Haines violated his due process rights under the Fourteenth Amendment by arresting and detaining him without reasonable suspicion or probable cause; that defendant Haines and unknown officers of the Mifflin County Regional Police Department violated his Fourth and Fourteenth Amendment rights by subjecting him to an unlawful strip search, fingerprinting and photographs; that defendant Haines, the Mifflin County Regional Police Department, the unknown police department and duty officers violated his Fourth Amendment rights when they unlawfully searched his backpack; that the unknown district attorney conspired with defendant Haines to illegally detain him; that defendants Haines, Ettinger, Mifflin County Regional Police Department and an unknown district attorney conspired to violate his constitutional rights based upon his ethnicity; and that the actions of the foregoing individuals were the result of a failure to properly train or supervise the defendants.

Based upon the above claims, the plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages.

The defendants have moved to dismiss the plaintiff's amended complaint first arguing that the plaintiff's claims are barred by the Supreme Court's decision in [Heck v. Humphrey, 512 U.S. 477 (1994)](). In Heck, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

6

> invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

512 U.S. at 486-87 (1994). Heck does not, however, restrict civil rights actions that have no collateral effect on the underlying criminal conviction. Such claims may include a claim of unlawful search and seizure, as well as a claim of unlawful arrest. See Heck, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source and inevitable discovery."); Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1988)("Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, . . . [plaintiff's claim] for false arrest . . . [is] not the type of claim [ ] contemplated by the Court in Heck which necessarily implicate[s] the validity of a conviction or sentence.").

In the instant case, according to the materials attached to the plaintiff's amended complaint, no criminal charges were ever filed against the plaintiff for the stop which occurred on January 10, 2008. However, the parties' materials establish that the "unrelated criminal trial" to which the plaintiff refers in his amended complaint was the result of a sealed criminal indictment which

7

was filed against the plaintiff in the Middle District of Pennsylvania on December 10, 2008. See United States v. Murphy, Criminal Docket No. 1:08-CR-0433 (Caldwell, J.). This indictment charged the plaintiff with criminal conspiracy to distribute and distribution and possession with intent to distribute a controlled substance. On July 13, and July 14, 2009, a jury trial was held on the matter. On July 14, 2009, the plaintiff was found guilty of the crimes charged. On June 23, 2010, the plaintiff was sentenced to 360 months of imprisonment on each of the counts to be served concurrently, along with a five year term of supervised release, a special assessment and fines.

The defendants argue that during the above criminal trial the prosecution offered evidence of the seizure in question as evidence in support of the federal crimes charged. Specifically, the defendants argue that the stop in question is what provided law enforcement with necessary biographical information to identify the plaintiff, along with evidence that the plaintiff was an active participant in the criminal conspiracy. The defendants argue that no one event proved the existence of, or the extent of, the criminal conspiracy in question. They argue, therefore, that should the plaintiff successfully call the validity of the referenced evidence into question his conviction would necessarily be invalidated.

Upon review of the transcript related to the plaintiff's federal criminal

trial[3], it is not apparent that should the events which took place on January 10, 2008, be held invalid, the plaintiff's federal conviction would also necessarily be invalidated. Heck precludes challenges to evidence discovered during an unlawful stop or arrest if the evidence is essential to support the plaintiff's conviction. Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety Div. Of State Police, 411 F.3d 427, 452 (3d Cir. 2005). Evidence may be challenged, however, if the plaintiff's conviction is based upon additional evidence extraneous to the alleged constitutional violation that is itself sufficient to support the conviction. Id. See Montgomery v. DeSimone, supra (unlawful arrest claims may proceed despite a criminal conviction because "a conviction and sentence may be upheld even in the absence of probable cause for the initial stop"); Bansal v. Russ, 513 F.Supp.2d 264, 278 (E.D.Pa. 2007)(quoting Apampa v. Layng, 157 F.3d 1103, 1105 (7th Cir. 1998)("[T]he 'fact that some evidence used in a trial is tainted by illegality does not necessarily undermine the conviction, given the presence of other evidence and the limitations of the exclusionary rule.'").

In the plaintiff's case, his biographical information, including his given name and street name, as well as his residency, were established through the testimony of numerous of the prosecution's witnesses. In addition, a number

---

[3] Although the defendants reference testimony from the transcript of the plaintiff's federal criminal trial, a copy of the transcript was not provided. The court has, however, obtained a copy of the transcript from the Middle District's electronic docket. See Civil Action No. 1:08-0433, Doc. Nos. 75, 77).

of the prosecution's witnesses provided testimony which linked the plaintiff to the criminal conspiracy charged. Therefore, even if the events at issue in this case were held invalid, there is no indication that the plaintiff's federal conviction would also necessarily be invalidated. As such, the defendants' motion to dismiss the plaintiff's amended complaint should be denied on this basis.

The defendants also argue that, if criminal charges remain pending in state court, the plaintiff's claims are barred by the Younger abstention doctrine. Younger v. Harris, 410 U.S. 37 (1971).

Younger abstention is appropriate when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claim." Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. 2008)(quoting Marran v. Marran, 376 F.3d 143, 154 (3d Cir.2004)). Here, there is no indication from the parties' materials that there are ongoing state proceedings. In fact, the deposition testimony provided in relation to the plaintiff's federal criminal proceedings indicate that no state charges were filed against the plaintiff for the incident in question. As such, the court finds that the Younger abstention doctrine does not apply in this case, and the defendants' motion to dismiss the plaintiff's amended complaint should be denied on this basis as well.

Next, the defendants argue that the plaintiff's claims for injunctive relief

should be denied because he has failed to allege facts suggesting that it is likely that he will in the future be stopped by the defendants. (Doc. No. 24, p. 7). Here, the court agrees.

In amending his complaint, the plaintiff has presented no facts which would suggest that it is likely that he will, in the future, again be stopped by defendants, much less that he will be stopped for reasons prohibited by the constitution[4]. Therefore, the court may not consider his claims for equitable relief. See Spencer v. Deluca, 2010 WL 2076912 *1 (W.D.Pa.)[5](citing United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002); Los Angeles v. Lyons, 416 U.S. 95, 109-13 (1981)). Given this, the defendants' motion to dismiss the plaintiff's amended complaint should be granted on this basis.

Finally, the defendants argue that the plaintiff's amended complaint should be dismissed because, to the extent that he argues that the search and seizure in question were the result of racial profiling, the plaintiff has failed to state a claim upon which relief can be granted under either the Fourth Amendment or the Fourteenth Amendment. (Doc. No. 24, pp. 7-8).

Although the plaintiff's amended complaint reflects a claim of racial profiling brought pursuant to 42 U.S.C. §1985, the plaintiff indicates in his

---

[4]The plaintiff responds that he amended his prayer for relief to include equitable relief "in the event of future contact." (Doc. No. 26). However, this amendment to his claim for equitable relief does not cure the factual defects of his amended complaint.

[5]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

11

brief in opposition to the defendants' motion to dismiss that he is, in fact, bringing a §1983 claim of racial profiling pursuant to the Fourth and Fourteenth Amendments. The defendants argue that the plaintiff's Fourth Amendment claim is barred pursuant to Whren v. United States, 517 U.S. 806, 813 (1996), wherein the Supreme Court held that, if an officer's traffic stop was objectively valid under the Fourth Amendment, then racially discriminatory motive would not render the stop invalid. However, at this stage of the proceedings in the instant action, no findings have been made with respect to the reasonableness of the stop at issue. Until the time that such a finding is made, the defendants' motion to dismiss should be denied and the plaintiff should be permitted to proceed with his Fourth Amendment racial profiling claim.

To the extent that the plaintiff's claim is brought pursuant to the Fourteenth Amendment, such a claim requires that the plaintiff allege facts from which it can be inferred that the defendants' actions were taken with a discriminatory effect and that the defendants were motivated by a discriminatory purpose. See United States v. Armstrong, 517 U.S. 456, 465 (1996). At the least, this requires allegations that similarly situated individuals of a recognizably different ethnic group were not subjected to the same treatment as the plaintiff. The plaintiff has made no such allegations. Therefore, the defendants' motion to dismiss the plaintiff's amended complaint should be granted on this basis.

As a final matter, the defendants have filed a motion for protective order to stay litigation deadlines, (Doc. No. 39), pending disposition of the instant motion to dismiss. In light of the instant report, it is recommended that the defendants' motion for protective order be dismissed as moot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the defendants' motion to dismiss the plaintiff's amended complaint, **(Doc. No. 23)**, be **DENIED** in part and **GRANTED** in part as follows:

   **(a)** the defendants' motion to dismiss be **DENIED** to the extent that it is argued that the plaintiff's claims are barred by the Heck doctrine;

   **(b)** the defendants' motion to dismiss be **DENIED** to the extent that it is argued that the plaintiff's claims are barred by the Younger doctrine;

   **(c)** the defendants' motion to dismiss be **GRANTED** to the extent that it is argued that the plaintiff's claims for equitable relief should be dismissed;

   **(d)** the defendants' motion to dismiss be **DENIED** to the extent that it is argued that the plaintiff's Fourth Amendment racial profiling claim should be dismissed; and

**(e)** the defendants' motion to dismiss be **GRANTED** to the extent that it is argued that the plaintiff's Fourteenth Amendment racial profiling claim should be dismissed;

**(2)** the defendants' motion for protective order **(Doc. No. 39)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 7, 2011

O:\shared\REPORTS\2009 Reports\09-2261-01.wpd