# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY MURPHY,<br>　　　　Plaintiff<br><br>　　　v.<br><br>MIFFLIN COUNTY REGIONAL<br>POLICE DEPT., CPL. ROBERT L.<br>HAINES, JR., LT. STEVE KNUDSON,<br>PTLM. ETTINGER and CHIEF<br>WILLIAM HERKERT, JR.,<br>　　　　Defendants | CIVIL ACTION NO. 1:09-CV-2261<br><br>(Judge Conner) |

## ORDER

AND NOW, this 9th day of March, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Malachy E. Mannion (Doc. 51), recommending that defendants' motion to dismiss (Doc. 23) plaintiff's amended complaint be denied in part and granted in part, and defendants' motion for protective order (Doc. 39) be dismissed, and, following an independent review of the record and noting that defendants filed objections[1] to the report on January 17, 2011 (Doc. 54), and the court finding Judge Mannion's analysis to be thorough and well-reasoned, and the court finding defendants' objections to be without merit and squarely addressed by Judge Mannion's report (Doc. 51), it is hereby ORDERED that:

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

1. The Report and Recommendation of Magistrate Judge Mannion (Doc. 51) are ADOPTED.[2]

2. Defendants' motion to dismiss (Doc. 23) is GRANTED in part and DENIED in part as follows:

    (a) Defendants' motion to dismiss is GRANTED on plaintiff's claims for equitable relief. Leave to amend is denied as futile.

    (b) Defendants' motion to dismiss is GRANTED on plaintiff's Fourteenth Amendment racial profiling. Plaintiff is granted leave to amend within twenty-one (21) days from the date of this order.

    (c) In all other respects, defendants' motion to dismiss is DENIED.

3. Defendants' motion for protective order (Doc. 39) is DISMISSED as moot.

4. This matter is REMANDED to the Honorable Malachy E. Mannion for pretrial proceedings and trial upon consent therefor.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]The court notes that defendants correctly characterize plaintiff's racial profiling claim as an equal protection claim and not a Fourth Amendment claim, see Whren v. United States, 517 U.S. 806, 813 (1996), and that Judge Mannion failed to recommend dismissal of plaintiff's "Fourth Amendment racial profiling claim." See Doc. 51 at 12, 13. Nonetheless, plaintiff's amended complaint raises both Fourth and Fourteenth Amendment claims, which must be the subject of appropriate discovery. At present, factual issues abound and the defendants' arguments are more properly addressed in the context of Rule 56 motions.