IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY MURPHY**, | : | CIVIL ACTION NO. 1:09-CV-2261 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 6th day of June, 2011, upon consideration of the April 28, 2011 Order of Magistrate Judge Malachy E. Mannion denying defendant Mifflin County Regional Police Department's ("Mifflin") motion for a protective order staying discovery (see Doc. 73), and upon further consideration of the objection of Mifflin to the order (Doc. 74); see L.R. 72.2 (stating that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter . . . within fourteen (14) days after issuance of the magistrate judge's order"), filed on May 2, 2011, wherein Mifflin asserts that "it is well-settled law that police departments operated by municipalities are not 'persons' amenable to suit pursuant to § 1983," (Doc. 75, at 5), and it appearing that the court shall set aside any portion of an order found to be "clearly erroneous or contrary to law," L.R. 72.2, and the court finding that a municipal police department, as a subdivision or agency of a municipality, is not an appropriate defendant in a § 1983 action, see Martin v. Red Lion Police Dep't, 146 Fed. Appx. 558, 562 n.3 (3d Cir. 2005); Texter v. Merlina, No.

Civ. A. 1:04-CV-0173, 2005 WL 1513117, at *1 (M.D. Pa. 2005); Draper v. Darby Tp. Police Dep't, --- F. Supp. 2d ---, 2011 WL 830292, at *4 (E.D. Pa. Mar. 7, 2011) (dismissing claims against police department on grounds that a police department is not a "person" for § 1983 purposes); James v. Lumberton Police Dep't, Civil No. 06-2188, 2006 WL 3733024, at * 3 n.2 (D.N.J. Dec. 12, 2006) (stating that "a police department is not a 'person' subject to suit under § 1983"); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993) (granting motion to dismiss police department, which was a sub-unit of the city, as improper party); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993) (concluding that police department is not a "person" under § 1983 and therefore not an appropriate party) (collecting cases), and the court concluding that Judge Mannion's conclusion to the contrary is clearly erroneous,[1] and it appearing that pursuant to Federal Rule of Civil Procedure 26(c) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden, or

---

[1] Magistrate Judge Mannion cites to this court's opinion in Abdullah v. Fetrow, Civil Action No. 1:05-CV-1135, 2007 WL 2844960 (M.D. Pa. Sept. 26, 2007), for the proposition that a policed department may be sued pursuant to § 1983. However, that case is distinguishable. In Abdullah, the plaintiff brought a § 1983 action against a police detective and the police department for which the detective worked. In granting summary judgment to the defendants, the court did not address the technical definition of a "person" for § 1983 purposes (an issue which the police department did not raise). Instead, the court addressed the merits of the claim to the extent a claim could have been made as to the existence of a custom or policy of the local government entity. See id. at * 14. The opinions and orders of this court verify that a police department is not a "person" subject to suit under § 1983. See, e.g., Texter, 2005 WL 1513117, at *1 (concluding that the Borough of Chambersburg Police Department is not a "person" for § 1983 purposes).

expense," FED. R. CIV. P. 26(c), and the court determining that the decision on whether to grant a stay must be made on a case-by-case basis, see McLafferty v. Deutsche Lufthansa A.G., Civil Action No. 08-1706, 2008 WL 4612856, at *1 (E.D. Pa. Oct. 15, 2008) (citing In re Plastics Additives Antitrust Litigation, N. Civ. A. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004)),[2] and the court concluding that, given that a municipal police department is not a person subject to suit pursuant to § 1983, a stay of discovery against Mifflin County Regional Police Department is warranted, it is hereby ORDERED that:

1. The order of Magistrate Judge Mannion dated April 28, 2011 (Doc. 73) is VACATED.

2. The motion for a protective order (Doc. 71) filed by Mifflin County Police Department is GRANTED.

3. Discovery against Mifflin County Police Department is STAYED pending resolution of Mifflin County Police Department's motion for summary judgment (Doc. 68).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court should consider five factors in evaluating a request for stay of discovery: (1) the plaintiff's interest in proceeding expeditiously with litigation and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience of the court; (4) the interests of persons not parties to the action; and (5) the public interest. See Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).