# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY MURPHY, : | |
| Plaintiff : | CIVIL ACTION NO. 1:09-2261 |
| : | |
| v. : | (CONNER, D.J.) |
| : | (MANNION, M.J.) |
| MIFFLIN COUNTY REGIONAL : | |
| POLICE DEPT., CPL. ROBERT L. | |
| HAINES, JR., LT. STEVE : | |
| KNUDSON, PTLM. ETTINGER, and | |
| CHIEF WILLIAM HERKERT, JR., : | |
| Defendants : | |

## **REPORT AND RECOMMENDATION**[1]

Pending before the court is a motion for summary judgment filed on behalf of the defendant Mifflin County Regional Police Department on April 25, 2011. (Doc. No. 68). A statement of material facts, (Doc. No. 69), and supporting brief, (Doc. No. 70), were filed the same day. The plaintiff filed a brief in opposition to the motion for summary judgment on June 20, 2011, (Doc. No. 79). A reply brief was filed by the defendant on June 21, 2011. (Doc. No. 80).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence nor make credibility determinations. Boyle v. County of Allegheny,

139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

In its motion for summary judgment, the defendant Mifflin County Regional Police Department argues that it is entitled to summary judgment as a matter of law because police departments operated by municipalities are not "persons" amenable to suit pursuant to 42 U.S.C. §1983. (Doc. No. 70).

This same issue was addressed by the district judge in his order of June 6, 2011, in which he considered the defendant Mifflin County Regional Police Department's motion for a protective order staying discovery. There, the district judge found that ". . . a municipal police department, as a subdivision or agency of a municipality, is not an appropriate defendant in a §1983 action, see Martin v. Red Lion Police Dep't, 146 Fed.Appx. 558, 562 n.3 (3d Cir. 2005)[2]; Texter v. Merlina, No. Civ. A. 1:04-CV-0173, 2005 WL 1513117, at *1 (M.D.Pa. 2005); Draper v. Darby Tp. Police Dep't, — F.Supp.2d —, 2011 WL 830292, at *4 (E.D.Pa. Mar. 7, 2011) (dismissing claims against police department on grounds that a police department is not a "person" for §1983

---

[2]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

3

purposes); James v. Lumberton Police Dep't, Civil No. 06-2188, 2006 WL 3733024, at *3 n.2 (D.N.J. Dec. 12, 2006) (stating that "a police department is not a 'person' subject to suit under §1983); Johnson v. City of Erie, 834 F.Supp. 873, 878-79 (W.D.Pa. 1993) (granting motion to dismiss police department, which was a sub-unit of the city, as improper party); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F.Supp. 808, 825-26 (D.N.J. 1993) (concluding that police department is not a "person" under §1983 and therefore not an appropriate party) (collecting cases) . . ." (Doc. No. 77).

Given the previous finding of the district judge supporting the defendant Mifflin County Regional Police Department's position in the instant motion for summary judgment, it will be recommended that motion be granted.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the motion for summary judgment filed on behalf of defendant Mifflin County Regional Police Department, **(Doc. No. 68)**, be **GRANTED**.

        *s/ Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States Magistrate Judge**

**Date:** August 16, 2011

O:\shared\REPORTS\2009 Reports\09-2261-02.wpd