# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY MURPHY,** | : | Civil No. 1:09-CV-2261 |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| v. | : | |
| **MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT, et al.,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Jimmy Murphy brought the above-captioned action against the Mifflin County Regional Police Department and certain of its employees, alleging that the defendants violated his rights under the Fourth Amendment by seizing his person and property in the course of an investigation into suspected drug trafficking activity in Lewistown, Pennsylvania. Murphy's claims were tried before a jury on January 7 and 8, 2013, and the trial resulted in a verdict in favor of the defendants on all claims. The plaintiff subsequently filed an appeal with the United States Court of Appeals for the Third Circuit, which is lodged at No. 13-1088 of the appellate court's docket. (Doc. 154.) After the plaintiff filed a notice of appeal, he filed a motion for a new trial, which is pending in this court. (Doc. 157.) The Third Circuit has stayed the

plaintiff's appeal pending disposition of the motion for a new trial.[1] (Doc. 163.)

In spite of already having filed a motion for a new trial, or to alter or amend the judgment, on April 1, 2013, Murphy filed a second motion to alter or amend the judgment. (Doc. 170.) On the same day, Murphy filed a brief in support of the motion. (Doc. 171.) For the reason explained briefly below, Murphy's motion to alter or amend the judgment must be denied. In addition, for the same reasons set forth in our March 21, 2013 order (Doc. 165.), we will deny Murphy's renewed motion requesting that he be provided with free copies of trial transcripts in this case (Doc. 173.), as Murphy has once again not provided any compelling basis for this relief.

---

[1] The plaintiff subsequently filed a motion for the production of transcripts, or for the court to "forward the record", apparently to assist Murphy in formulating a basis for requesting a new trial. (Doc. 159.) Although unclear, it appeared in this motion that Murphy was requesting that this court order that the court reporter produce to him copies of the "relevant transcripts of the jury trial," and also to forward these transcripts to the Third Circuit, free of charge, on the grounds that the plaintiff was permitted to proceed *in forma pauperis* before this court through the conclusion of the trial. (Id.) In an order entered on March 21, 2013, we denied Murphy's request that he be provided with transcripts free of charge because he had not articulated any substantial question that merited such relief, because Murphy's motion for a new trial appeared to be frivolous, and therefore there was no lawful basis to provide Murphy with free transcripts. (Doc. 165.)

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend judgments in civil cases, provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Importantly for this case, the 28-day limitations period for filing a motion to alter or amend judgment pursuant to Rule 59(e) is a procedural limitation on the district court's ability to entertain a motion to alter or amend a judgment. See United States v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 216 (3d Cir. 2000) (Alito, J., concurring) (citing de la Fuente v. Central Elec. Coop., Inc., 703 F.2d 63, 64 n.1 (3d Cir. 1983)). Rule 6(b)(2) of the Federal Rules of Civil Procedure further expressly provides that a court "must not extend the time to act" under Rule 59(e).

In this case, the court entered judgment against Murphy and in favor of the defendants on January 8, 2013. (Doc. 151.) Murphy filed a motion to alter or amend the judgment pursuant to Rule 59(e) on April 1, 2013. (Doc. 170.) The motion was thus filed 84 days after judgment was entered in this case and is plainly untimely. Furthermore, the motion fails to articulate a persuasive basis upon which the court could grant the requested relief in any event, and thus is without merit. Accordingly, the motion will be denied.

In addition to filing an untimely motion to alter or amend the judgment, Murphy has filed a second motion requesting that he be provided with free copies of the trial transcripts from the jury trial in this case. As we explained in our previous order denying Murphy's first request for these transcripts to be provided to him free of charge, Murphy has not presented the court with any substantial or non-frivolous question of law in any of his post-trial motions filed with the court. Accordingly, for the same reasons we articulated in our earlier order, Murphy's renewed motion for the production of transcripts will be denied.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion to alter or amend the judgment (Doc. 170.) and the renewed motion for the production of trial transcripts free of charge (Doc. 173.) are DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge