# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY MURPHY,** | : | Civil No. 1:09-CV-2261 |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| v. | : | |
| **MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT, et al.,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Jimmy Murphy brought the above-captioned action against the Mifflin County Regional Police Department and certain of its employees, alleging that the defendants violated his rights under the Fourth Amendment by seizing his person and property in the course of an investigation into suspected drug trafficking activity in Lewistown, Pennsylvania.  Murphy's claims were tried before a jury on January 7 and 8, 2013, and the trial resulted in a verdict in favor of the defendants on all claims.  The plaintiff subsequently filed an appeal with the United States Court of Appeals for the Third Circuit, which is lodged at No. 13-1088 of the appellate court's docket.  (Doc. 154.)  After the plaintiff filed a notice of appeal, he filed a motion for a new trial, which is pending in this court.  (Doc. 157) The Third Circuit has stayed the plaintiff's appeal

pending disposition of the motion for a new trial.[1] (Doc. 163.)

Murphy's brief filed in support of the motion for a new trial is extremely general in nature. In terms of its substantive claims, it appears limited to challenging the court's refusal to grant judgment in the plaintiff's favor as a matter of law on his claims that he was unlawfully detained and arrested, and otherwise repeats Murphy's insistence that he was entitled to judgment in his favor, or that his own testimony should have been credited over that of the defendants. A substantial portion of the brief is actually devoted to Murphy's request that he be provided with trial transcripts free of charge, as Murphy suggests that he "desires to cite to the record, and the trial transcripts to support his claims." (Doc. 158, at 2.)

Other than this desire to cite to unspecified sections of the trial record, and aside from his general claim that the court abused its discretion in denying his motion for

---

[1] The plaintiff subsequently filed a motion for the production of transcripts, or for the court to "forward the record", apparently to assist Murphy in formulating a basis for requesting a new trial. (Doc. 159.) Although unclear, it appeared in this motion that Murphy was requesting that this court order that the court reporter produce to him copies of the "relevant transcripts of the jury trial," and also to forward these transcripts to the Third Circuit, free of charge, on the grounds that the plaintiff was permitted to proceed *in forma pauperis* before this court through the conclusion of the trial. (Id.) In an order entered on March 21, 2013, we denied Murphy's request that he be provided with transcripts free of charge because he had not articulated any substantial question that merited such relief, because Murphy's motion for a new trial appeared to be frivolous, and therefore there was no lawful basis to provide Murphy with free transcripts. (Doc. 165.)

judgment as a matter of law on his claims at trial, the brief in support of a motion for a new trial sets forth no substantial basis for the relief requested. Because Murphy has not articulated any substantive or compelling basis for the Court to order a new trial, or otherwise to alter or amend the judgment that was returned following a jury trial, the motion for a new trial will be denied.

## II. DISCUSSION

Rule 59 of the Federal Rules of Civil Procedure, which concerns the power of a court to grant a new trial or to alter or amend a judgment, provides, in pertinent part, as follows:

> (a) In General.
>
> > (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
> >
> > > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .
>
> ***
>
> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59.[2] Federal courts are hesitant to order new trials, and the Third Circuit has explained that "the district court's power to grant a new trial motion is limited to those circumstances where a miscarriage of justice would result if the verdict were to stand." Olefins Trading, Inc., Han Yang Chem. Corp., 9 F.3d 282, 290 (3d Cir. 1993) (internal quotation marks omitted). As one leading commentator has emphasized, a motion for a new trial must "'state with particularity the grounds for seeking the order," and a motion will be found "defective if it states no grounds whatever, or if the statement of grounds is purely pro forma." 11 Federal Practice & Procedure § 2811 (3d ed.) (quoting Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 826 F.2d 712 (7th Cir. 1987)). The decision of whether to grant a new trial is left to the sound discretion of the trial judge. Todd v. Luzerne County Children & Youth Servs, No. 3:04-cv-2637, 2011 WL 841429, at *2 (M.D. Pa. Mar. 8, 2011). Some instances where courts have granted motions for new trials include where: (1) there has been a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury. Maylie v. Nat'l R.R. Passenger Corp., 791 F. Supp. 477, 480 (E.D.

---

[2] Rule 59 further provides that a motion for a new trial likewise must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b).

Pa. 1992).

Judged against these standards, the plaintiff's motion for a new trial or to alter the judgment of the jury must be denied. As a threshold matter, the plaintiff has articulated virtually no discernible substantive basis for his motion, and his grounds for relief are exceptionally vague. Aside from generic statements to the effect that the Court abused its discretion by denying unspecified motions that Murphy claims to have made at trial, the instant motion otherwise does little more than to request that Murphy be provided with a complete set of trial transcripts, or to complain generally about the jury's verdict. Murphy insists that witnesses at his trial gave false testimony, and he takes issue with the jury's decision to credit the testimony of those witnesses over his own version of the relevant events in this case. We find Murphy's arguments and general assertions to be meritless.

In denying Murphy's request to be provided with free transcripts in this case, we initially observed that "the motion for a new trial may lack any meritorious basis, and does not clearly set forth a substantial claim." (Doc. 165, at 4.) We have carefully reviewed Murphy's motion for a new trial, or to alter or amend the judgment, and can perceive no colorable, persuasive, or compelling justification to set aside the jury's verdict in this case, and we find no procedural or substantive error that would compel the kind of extraordinary relief that Murphy seeks in this case. To the

5

extent that Murphy believes he has a meritorious basis to be granted a new trial, or otherwise to alter or amend the judgment, he may advance such arguments before the United States Court of Appeals for the Third Circuit as part of his appeal.

Finally, Murphy has filed a pleading, styled as a motion for clarification, which seeks further clarification of the court's post-trial rulings on his transcript requests, as well as a copy of the docket. (Doc. 176.) We will GRANT this motion, in part, insofar as it requests a copy of the docket and direct the clerk to forward a copy of this order and the docket to the plaintiff.

### III. ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion for a new trial, or to alter or amend the judgment in this action (Doc. 157), is DENIED. Murphy's motion for clarification, which seeks further clarification of the court's post-trial rulings on his transcript requests, as well as a copy of the docket, (Doc. 176), is GRANTED, in part, insofar as it requests a copy of the docket and the clerk is directed to forward a copy of this order and the docket to the plaintiff.

So ordered this 16th day of April, 2013.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge