# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY MURPHY,** | : | Civil No. 1:09-CV-2261 |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| v. | : | |
| **MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT, et al.,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

The above-captioned action was tried before a jury on January 7 and 8, 2013, and the trial resulted in a verdict in favor of the defendants on all claims. The plaintiff has subsequently filed an appeal with the United States Court of Appeals for the Third Circuit, which is lodged at No. 13-1088 of the appellate court's docket. (Doc. 154.) After the plaintiff filed this appeal, he filed a motion for a new trial, which is pending in this court. (Doc. 157.) The Third Circuit stayed the plaintiff's appeal pending disposition of the motion for a new trial. (Doc. 163.)

On February 1, 2013, the plaintiff filed a motion for the production of transcripts, or for the court to "forward the record". (Doc. 159.) Although unclear, it appeared from the motion that Murphy was requesting that this court order that the

court reporter produce to him copies of the "relevant transcripts of the jury trial," and also to forward these transcripts to the Third Circuit, free of charge, on the grounds that the plaintiff was permitted to proceed *in forma pauperis* before this court. (Id.) Upon consideration, and for reasons explained in our order, we denied the motion. (Doc. 165.)

Murphy has now repeated this request in a new motion, moving the court for entry of an order that would require that a record of the trial be produced and forwarded to the United States Court of Appeals for the Third Circuit. (Doc. 181.) Although Murphy has filed a brief in support of the motion (Doc. 182.), the brief actually offers no support for this renewed request. We continue to find that Murphy has not satisfied the requirements prescribed by statute that must be met before he may be provided with transcripts of trial proceedings, and a record of the trial in this case, free of charge to be used in support of an appeal for which he has articulated no potentially meritorious or colorable grounds for relief. Accordingly, for the reasons explained below, Murphy's motion will be denied.

## II. DISCUSSION

The rules regarding the fees charged and collected for official court transcripts are prescribed by 28 U.S.C. § 753(f). That statute provides as follows:

> **(f)** Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. ***Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.***

28 U.S.C.A. § 753(f) (emphasis added). As a civil litigant proceeding *in forma pauperis*, the plaintiff is thus not entitled to be furnished with transcripts paid for by the United States unless this court or a circuit judge with the court of appeals certifies that his appeal is not frivolous, and that it presents a substantial question on review. Id.; see also Harvey v. Dombrowski, No. 3:01CV1768, 2009 WL 363537, at *1 (M.D.

3

Pa. Feb. 12, 2009); cf. Walker v. People Express Airlines, Inc., 886 F.2d 598, 600-01 (3d Cir. 1989) (generally discussing procedure for providing transcripts to indigent appellant in civil proceedings on appeal, including that the appeal be permitted *in forma pauperis* and that "the required certification must be made").

In this case, we are entirely unable to determine whether or not the plaintiff's claims in his stayed appeal are frivolous, or whether they present substantial questions before that court, as we do not know what claims have been raised in the plaintiff's appeal. Moreover, with respect to those appellate proceedings, we find it is the better course to permit the plaintiff to seek this relief before the appellate court if he believes that he has good grounds to do so.

To the extent the plaintiff wishes to obtain copies of the trial transcripts at his own expense, he remains free to do so by submitting a transcript purchase order with the court reporter who transcribed the trial proceedings in this action.[1] In addition, we note that nothing in our order should be taken to prevent the plaintiff from moving the Third Circuit Court of Appeals for the same relief, at such time that the stay in those appellate proceedings is lifted. The court of appeals can, of course, render its own decision about whether the plaintiff's appeal raises non-frivolous claims that set

---

[1] We previously requested that the court reporter who transcribed the trial proceedings in this case send the plaintiff instructions for placing a transcript purchase order, as well as an estimate regarding the cost of the transcripts.

forth substantial questions of law, and, therefore, about whether the plaintiff should be provided with copies of his transcripts at the United States' expense.

## III. <u>ORDER</u>

Accordingly, for the foregoing reasons, the plaintiff's "Second Motion to Produce and Forward the Record to the Clerk of the U.S. Court of Appeals Division" (Doc. 181.) is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: May 22, 2013